## Olaf K. Monson et al. v. George Meyer.

1. PLEAS—*When Joint, to be Sustained by Joint Proof.*—Where a plea relied upon by several defendants is joint, it is incumbent upon such defendants to prove its allegations as to all.

2. APPELLATE COURT PRACTICE—*Assignment of Joint Errors.*— Where an assignment of error is joint, if not good as to all, it will not be good as to any.

3. APPLICATION OF PAYMENTS—*Rule for the Benefit of Creditors.*— When a debtor, owing two debts to his creditors, one secured and the other not, makes a payment without specifically appropriating it to either debt, and creditor omits to apply it to either, the law will apply it to the unsecured debt.

Debt, on a penal bond. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed January 24, 1901.

Statement.—This is an appeal from a judgment in debt on a bond in the penalty of $2,500, conditioned as follows:

" The condition of the above obligation is such, that whereas, the said George Meyer did, on the twenty-third day of February, 1898, in the Superior Court of Cook County, in the State of Illinois, and of the February term thereof, 1898, recover a decree in foreclosure against the

above bounden Olaf K. Monson, and others, in a certain suit in chancery then depending in said court, wherein one Thomas J. McGrath, as trustee, and said George Meyer were complainants, and said Monson and others were defendants, in case bearing general number 174,984, for the sum of twenty-two thousand three hundred and eighty-seven dollars and five cents ($22,387.05), besides costs of suit, from which said decree of the said Superior Court of Cook County the said Olaf K. Monson has prayed for and obtained an appeal to the Appellate Court, within and for the first district in said State. Now, therefore, if the said Olaf K. Monson shall duly prosecute his said appeal with effect, and moreover pay the amount of the costs, and such interest as may accrue, and remain otherwise unpaid on said decree, from the date thereof, in case the said decree shall be affirmed in said Appellate Court, then this, the above obligation, to be void, otherwise to remain in full force and virtue."

The suit, as shown by a bill of particulars, was to recover interest at the rate of five per cent per annum on $22,387.05, the amount of the decree from February 3, 1898, the date of the decree. Several pleas were filed to the declaration, but the only plea relied on is, in substance, the following:

That before the commencement of this suit, on, to wit, June 8, 1899, all the interest due to that day upon said foreclosure decree for said sum of $22,387.05, in said declaration and in said writing obligatory mentioned and specified, was paid to said plaintiff by and through, and from and out of the proceeds of the sale of the lands and premises in said foreclosure decree mentioned and described and ordered to be sold, then and there had and made in conformity with the terms of said foreclosure decree, according to the form and condition of said writing obligatory, and in satisfaction and discharge thereof.

The plaintiff (appellee here) introduced in evidence the bond, the decree of the Superior Court of Cook County on appeal from which the bond in suit was executed, the order of affirmance of the decree in this court, and proved the amount of interest, $1,399.55, and rested. The defendants (appellants here) offered in evidence the decree of February 23, 1898, being the same put in evidence by the plaintiffs, it being admitted that appellee, George Meyer, was a com-

plainant, and appellant Monson a defendant, in the suit in which the decree was rendered, and also offered in evidence the decree confirming the master's report of sale and a deficiency decree in the chancery suit, in which the decree of February 23, 1898, was rendered, and rested. The decree of February 23, 1898, was an ordinary decree of foreclosure and sale, and provided, among other things, " that said master, out of the proceeds of said sale, retain his fees, disbursements and commissions herein, and pay to the officers of this court their costs in this cause, and pay to the complainant's solicitors the solicitors' fees aforesaid, and out of the remainder pay the complainant, George Meyer, the amount of this decree found to be due him, with interest thereon at the rate of five (5) per cent per annum from the date of this decree to the date of such sale; and if such remainder shall not be sufficient to pay said amount and interest, that he apply the same to the extent to which it may reach in satisfaction thereof, and specify the amount of the deficiency in his report of such sale; and if such remainder shall be more than sufficient to pay said amount and interest, that he hold the surplus subject to the further order of this court; and that he take receipt from the respective parties to whom he may have made payments as aforesaid, and file the same with his report in this court."

The deficiency decree, after confirming the master's report of sale, contains, among other things, the following :

" And it further appearing from the said master's report that the proceeds of said sale of said real estate were not sufficient to pay the said amount as found and adjudged to be due to said complainant, George Meyer, in and by said decree, and that the sum of thirteen hundred and ninety-nine dollars and fifty-five cents ($1,399.55) of the interest on said decree still remains unpaid to said complainant, George Meyer, from said defendants, B. Franklin Cronkrite and William E. W. Johnson,

" It is further ordered, adjudged and decreed by the court that the said decree stand as a judgment against the defendants, B. Franklin Cronkrite and William E. W. Johnson, for the sum of thirteen hundred and ninety-nine dollars and fifty-five cents ($1,399.55), the amount of the deficiency aforesaid, and that said complainant, George

Meyer, have execution for said sum of thirteen hundred ninety-nine dollars and fifty-five cents ($1,399.55) with interest thereon from this date, against said defendants, B. Franklin Cronkrite and William E. W. Johnson, as at common law."

The judgment was for $2,500 debt and $1,399.55 damages. The amount of the damages is not contested, on the hypothesis that appellants are at all liable.

Franklin L. Chase, Bangs, Wood & Bangs and J. Edward Newberger, attorneys for appellants.

Borman & McGrath, attorneys for appellee.

Mr. Presiding Justice Adams delivered the opinion of the court.

Appellants, by the very terms of the bond, became liable to pay interest on the amount of the decree of February 23, 1898, from that date, in the event that Monson should not prosecute his appeal with effect, and the evidence is that he did not prosecute his appeal with effect, but that the decree appealed from was affirmed. It is not alleged in appellants' plea that they have paid the interest, nor is it so claimed by their counsel. Appellants' counsel, relying on certain decisions to the effect that the interest on a debt is payable before any part of the principal, contend that the interest " was paid by and out of the proceeds of the master's sale." Counsel assume that the master applied the proceeds of the sale first to the interest. But the master's report was not put in evidence, and the decree confirming that report, which was put in evidence by appellants, and which is certainly binding on appellant Monson, who was a party defendant to the cause in which the decree was rendered, recites that it appears from the master's report that the interest has not been paid, and decrees its payment by the defendants in the cause. As before stated, the decree is binding on appellant Monson, he being a party defendant in the cause. The plea relied on is a joint plea of the appellants and the assignments of error are joint.

The plea being joint, it was incumbent on appellants to prove the defense set up by the plea as to both of them. But in this they failed as to Monson, who is bound by the decree and can not collaterally attack it. Having failed to prove the plea as against Monson, it can not be held proved as to the other appellant. 1 Chitty on Pl., 5th Am. Ed., star p. 482.

The same is true as to the joint assignment of errors. 2 Ency. of Pl. & Pr. 933.

We do not regard as in point the decisions cited by appellants' counsel in support of their contention to the effect that the court was legally bound to first apply the proceeds of the sale, after payment of costs, etc., to the interest. The rule announced in these decisions is for the benefit of the creditor, who is entitled to interest on the whole principal until such time as a payment shall exceed all interest due, and is not at all for the benefit of the debtor. There is also another rule for the benefit of the creditor, viz.: When a debtor, owing two debts to his creditors, one secured, the other not, makes a payment without specifically appropriating it to either debt, and the creditor omits to apply it to either, the law will apply it to the unsecured debt. Bowen v. Fridley, 8 Ill. App. 595, and cases cited.

In the present case it can not be claimed that there was any appropriation by the debtor; the payment of the interest was secured by the bond in suit, and the court might lawfully apply the proceeds of the sale, after payment of costs, etc., first to the payment of the principal.

Appellants' propositions, presented as propositions of law, were properly refused.

The judgment will be affirmed.